UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLEE KIMBLE,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL BERGEN, JR., et al.,<br><br>Defendants. | Case No.:  26-CV-1208 JLS (JLB)<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND**<br><br>**(2) DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**<br><br>(ECF Nos. 1, 2). |

Presently before the Court are pro se Plaintiff Jolee Kimble's Complaint ("Compl.," ECF No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.," ECF No. 2).  Having carefully considered Plaintiff's Complaint and the applicable law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

/ / /

/ / /

/ / /

1

## *IN FORMA PAUPERIS* APPLICATION

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $405.[1] 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).

Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by*, 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The additional $55 administrative fee does not apply to persons granted leave to proceed *in forma pauperis*.  *Id.*

26-CV-1208 JLS (JLB)

In Plaintiff's IFP Application, Plaintiff states that her monthly income is $2,900.00—all from public assistance. IFP App. at 2. Plaintiff does not provide any details regarding her monthly expenses, but states that she expects major changes in her assets or liabilities during the next twelve months. *See id.* at 5. Plaintiff does not provide any explanation for what major changes she expects in the next year—despite the form directing her to do so. *Id.* ("If yes, describe on an attached sheet."). She also provides some information under the employer section, but the Court cannot discern what Plaintiff wrote in that section. *Id.* at 2. Without more information, the Court cannot determine whether granting Plaintiff's IFP Application is warranted. Accordingly, the Court **DENIES** Plaintiff's IFP Application.

### CONCLUSION

In light of the foregoing, the Court:

1. **DENIES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2).

2. **DISMISSES** Plaintiff's Complaint (ECF No. 1) **WITHOUT PREJUDICE** for failure to prepay the filing fee mandated by 28 U.S.C. §1914(a).

3. **GRANTS** Plaintiff an additional <u>thirty (30) days</u> from the date on which this Order is electronically docketed to either (1) pay the entire $402 statutory and administrative filing fee, or (2) file a new IFP Application alleging that they are unable to pay the requisite fee. ***Should Plaintiff fail to either pay the filing fee or file a new IFP Motion, the Court will convert this dismissal of Plaintiff's Complaint into dismissal of this civil action without prejudice***.

**IT IS SO ORDERED.**

Dated: March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-1208 JLS (JLB)